Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
**MAXIMINO TORRES TAPIA,**

              **Plaintiff**

v.                                              **COMPLAINT**
                                                  Index No.

                                                  **JURY TRIAL**
                                                  **DEMANDED**

**NIKOLA ROMIC, Individually, and**
**PIL PIL SPANISH TAPAS INC.**

              **Defendants.**
------------------------------------------------------------------x

1. Plaintiff Maximino Torres Tapia ("Plaintiff") alleges as follows:

## NATURE OF THE ACTION

2. This Action on behalf of Plaintiff, seeks the recovery of unpaid wages and related damages for unpaid overtime, while employed by Pil Pil Spanish Tapas Inc. ("Pil Pil") and Nikola Romic ("Romic") (collectively "Defendants"). Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3. Plaintiff, a resident of New York State, was employed as a dishwasher/kitchen helper from 2010 through March 29, 2021. Plaintiff was employed by Defendants during the relevant limitations periods.

4. Defendant Pil Pil is a New York Corporation and is a restaurant located at 265 E. 78th Street, New York, NY 10075

5. Upon information and belief, Pil Pil has an annual gross volume of sales in excess of $500,000.00.

6. At all relevant times, Pil Pil has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

7. Upon information and belief, Defendant Romic is the owner and operator of Pil Pil.

8. Upon information and belief, Defendant Romic exercises control over Pil Pil's day to day operations, including the ability to hire and fire employees and set employee schedules and employee rates of pay.

9. Defendant Romic was an employer of Plaintiff during the relevant time period.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

**FACTUAL ALLEGATIONS**

12. Defendants committed the following alleged acts knowingly, willfully and intentionally.

13. Defendants knew that the nonpayment of overtime to Plaintiff would economically injure Plaintiff and violated state and federal laws.

14. Plaintiff regularly worked 5 or 6 days per week for Defendants.

15. Prior to the pandemic, Plaintiff generally worked 6 days per week.

16. After the pandemic, Plaintiff generally worked 5 days per week.

17. Plaintiff generally worked from 2:00 pm until 12:00 am, thereby working 50-60 hours per week.

18. Plaintiff regularly handled goods in interstate commerce, such as food items and other kitchen supplies produced outside the State of New York.

19. Plaintiff was supposed to be paid $650.00 per week in cash prior to the Covid pandemic.

20. After the pandemic, Plaintiff was supposed to be paid $500.00 per week in cash.

21. Frequently, Plaintiff was not paid every week, and would be paid his wages every 2 weeks.

22. Frequently, Plaintiff would be paid less money than his actual salary.

23. Plaintiff was not paid 1.5 times his regular hourly rate for hours worked over 40 per week.

24. Defendants did not pay Plaintiff a spread of hours premium pursuant to New York state law when his workdays lasted ten (10) or more hours.

25. Defendants failed to provide Plaintiff with a written notice of rate of pay with his correct hourly wage rates listed and failed to keep proper payroll records as required under New York law.

## FIRST CAUSE OF ACTION
**New York Labor Law-Minimum Wage Violations**

26. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

27. The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

28. Defendants have willfully failed to pay Plaintiff the New York State minimum wage for all hours worked.

29. Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

30. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## SECOND CAUSE OF ACTION
**Fair Labor Standards Act- Overtime Violations**

31. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

32. The overtime provisions set forth in the FLSA, 29 USC §§ 201 *et seq.,* and the supporting federal regulations apply to Defendants and protects Plaintiff.

33. Defendants have willfully failed to pay Plaintiff the overtime wages for hours worked in excess of forty (40) hours in a workweek.

34. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

### THIRD CAUSE OF ACTION
### New York Labor Law-Overtime Violations

35. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

36. The overtime wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

37. Defendants have willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in a workweek.

38. Defendants' knowing or intentional failure to pay Plaintiff overtime wages for all hours worked over 40 per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

39. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## FOURTH CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

40. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

41. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

42. Defendants failed to provide Plaintiff paystubs with his correct hourly rate and hours worked as required by NYLL § 195.

43. Defendants' failure to make, keep and preserve accurate records was willful.

44. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

## FIFTH CAUSE OF ACTION
### NYLL - Frequency of Payment

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Throughout the period covered by the applicable statute of limitations, Defendants failed to pay Plaintiff on a weekly basis as required by the NYLL.

47. Defendants conduct was willful and in violation of the NYLL.

48. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their liquidated damages, equal to Plaintiff's wages, plus costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### New York Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 142-2.4

6

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Plaintiff regularly had workdays that lasted more than ten (10) hours.

51. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York State minimum hourly wage rate when his workdays exceeded ten (10) hours, as required by New York law.

52. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## PRAYER FOR RELIEF

53. WHEREFORE, Plaintiff prays for relief as follows:

    a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

    b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

    c. Penalties available under applicable laws;

    d. Costs of the action incurred herein, including expert fees;

    e. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

    f. Pre-judgment and post-judgment interest, as provided by law; and

    **g.** Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right.

Dated: New York, New York  
       May 8, 2023

Respectfully submitted,

The Klein Law Group P.C.

By: /s/ Darren Rumack  
Darren P.B. Rumack  
39 Broadway, Suite 1530,  
New York, NY 10006  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiff.*
.

8